## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

INGA KUNISHIGE                          :
2150 Strahle Street, Apt. A             :
Philadelphia, PA 19152                  :     CIVIL ACTION
                                        :
              Plaintiff,                :     No. _____
      v.                                :
                                        :
NINO KAVTARADZE                         :
1200 Bustleton Pike, Ste. 16A-1         :     **JURY TRIAL DEMANDED**
Feasterville, PA 19053                  :
      and                               :
ZURAB KVANTRISHVILI                     :
1200 Bustleton Pike, Ste. 16A-1         :
Feasterville, PA 19053                  :
      and                               :
CARING PARTNERS OF                      :
PHILADELPHIA HOME LLC                   :
1200 Bustleton Pike, Ste. 16A-1         :
Feasterville, PA 19053                  :
                                        :
              Defendants.               :
                                        :

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

## I. INTRODUCTION

1.     This action has been initiated by Inga Kunishige (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. §§ 201, *et. seq*.) and the Pennsylvania Minimum Wage Act ("PMWA" – 43 P. S. §§ 333.101 *et. seq*.). Plaintiff's (current) employer, and the above-captioned high-level management / owners are personally liable for (knowingly and intentionally) failing to pay Plaintiff overtime compensation (in violation of state and federal law(s)). As a result, Plaintiff seeks damages as set forth herein.

## II. JURISDICTION AND VENUE

2.      This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because they arise under a federal law - the FLSA. There is supplemental and/or ancillary jurisdiction over Plaintiff's state-law claims asserted herein as they arise out of the same common nucleus of operative facts as his federal claims.

3.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this State and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III. PARTIES

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiff is an adult individual, with an address as set forth in the caption.

7.      Caring Partners of Philadelphia Home LLC ("Defendant CPPH" where referred to separately from the individual defendants) is an in-home care agency located at the above-captioned address.

8.      Zurab Kvantrishvili ("Defendant ZK" where referred to individually) and Nino Kavtaradze ("Defendant NK" where referred to individually) have both been owners, operates,

and high-level management overseeing pay, operations, and business dealings of Defendant CPPH.

9. Defendants ZK and NK are being sued individually *as to their own personal assets* as permitted by state and federal laws.[1]

10. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV. <u>FACTUAL BACKGROUND</u>

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff was hired by Defendant CPPH in or about 2023 to provide in-home care as an hourly-paid employee.

13. Defendant CPPH was incorporated on July 27, 2016, with Defendant NK identified as the "President" of the entity (according to Pennsylvania Department of State records). In other legal documentation, Defendant ZK has been identified as Defendant CPPH's authorized official, "Administrator, and/or Chief Executive Officer ("CEO") such as according to the Pennsylvania Department of Health, Division of Home Health Facilities.

14. Upon information and belief, Defendants NK and ZK were in romantic and/or marital relationship whereby they jointly operated all aspects and operations of Defendant CPPH during its duration of existence.[2]

---

[1] *See e.g. Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408, 414 (3d Cir. 2012)(managers, owners or and corporate officers exercising control over wages or employee compensation are appropriate defendants under the FLSA and may be individually liable for such violations). The regulations under state law are the same.

[2] In 2026, Defendant NK appears to have taken more of an employee-facing and employee-oversight responsibility despite continually serving as the President of Defendants.

15.    Beginning in or about March of 2024, Plaintiff began working more than forty (40) hours per week for Defendants.

16.    For privacy purposes, Plaintiff identifies the individuals she cared for (in-home) as "Patient 1" and "Patient 2." Plaintiff has only provided care to two (2) patients in total while in the employ of Defendants.

17.    As to Patient 1, Plaintiff provided in-home care for the person for approximately 12 hours per week in 2024 and then on an increased basis to 24 hours per week in 2025. Plaintiff continues to provide care for Patient 1 for (approximately) 24 hours per week.

18.    As to Patient 2, Plaintiff provided in-home care for the person for approximately 84 hours per week from March of 2024 through the present. Plaintiff continues to provide care for Patient 2 for (approximately) 84 hours per week.

19.    Plaintiff was promised that she would be paid an hourly rate of $15.00 per hour during the course and scope of her employment with Defendants. Plaintiff was in fact only ever paid on an hourly basis as a W-2 employee of Defendants.

20.    For most of Plaintiff's employment, Plaintiff averaged working (approximately) 108 hours per week (Patient 1: 24 hours per week and Patient 2: 84 hours per week), except as otherwise explained *infra* earlier in her employment.

21.    Plaintiff was paid on a bi-weekly basis, and Defendants paid her two (2) **separate** paychecks for Patient 1 and Patient 2. The payment of two (2) separate paychecks to the same employee is of course highly unusual and unorthodox, and evidence of concealment (as explained more below).

22.    For example (and by way of illustration herein), for the bi-weekly pay period ending December 19, 2025, Plaintiff received the following two (2) separate paychecks:

**AS TO PATIENT 1**

Company Code    Loc/Dept    Number    Page
R6 / 4SP 23889761    01/    5596428    1 of 1
Caring Partners of Philadelphia Hom
1200 Bustleton Pike
Suite 16A-1
Feasterville, PA 19053

**Earnings Statement**    ADP

Period Starting:    11/30/2025
Period Ending:    12/13/2025
Pay Date:    12/19/2025

Taxable Filing Status: Married
Exemptions/Allowances:
    Federal:    Std W/H Table
    State:    0
    Local:    0
Social Security Number:XXX-XX-XXXX

Tax Override:
    Federal:    0.00 Addnl
    State:
    Local:

Inga Kunishige
2150 Strahle Street
Apt A
Philadelphia, PA 19152

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Hourly | 15.0000 | 48.00 | 720.00 | 83977.00 |
| Holiday | | | 0.00 | 475.10 |
| **Gross Pay** | | | **$720.00** | **$87,072.10** |

| Other Benefits and Information | this period | year to date |
|---|---|---|
| Total Hours Worked | 48.00 | 1207.00 |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | 0.00 | 4029.46 |
| Social Security | -44.64 | 5236.03 |
| Medicare | -10.44 | 1224.56 |
| Pennsylvania State Income | -22.10 | 2592.59 |
| Pennsylvania State UI | -0.50 | 59.12 |
| Phila R Local Income | -26.93 | 3162.86 |
| Lower Southampton T Local | 0.00 | 0.00 |
| Lower Southampton Tp Local | -2.00 | 52.00 |
| **Net Pay** | | **$613.39** |

| Deposits account number | transit/ABA | amount |
|---|---|---|
| XXXXXX2910 | XXXXXXXXX | 613.39 |

Important Notes

Basis of pay: Hourly

**AS TO PATIENT 2**

Company Code    Loc/Dept    Number    Page
R6 / 4SP 23889761    01/    5596429    1 of 1
Caring Partners of Philadelphia Hom
1200 Bustleton Pike
Suite 16A-1
Feasterville, PA 19053

**Earnings Statement**    ADP

Period Starting:    11/30/2025
Period Ending:    12/13/2025
Pay Date:    12/19/2025

Taxable Filing Status: Married
Exemptions/Allowances:
    Federal:    Std W/H Table
    State:    0
    Local:    0
Social Security Number:XXX-XX-XXXX

Tax Override:
    Federal:    0.00 Addnl
    State:
    Local:

Inga Kunishige
2150 Strahle Street
Apt A
Philadelphia, PA 19152

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Hourly | | 0.00 | 2620.00 | 86597.00 |
| Holiday | | | 0.00 | 475.10 |
| **Gross Pay** | | | **$2,620.00** | **$87,072.10** |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | -157.59 | 4187.05 |
| Social Security | -162.44 | 5398.47 |
| Medicare | -37.99 | 1262.55 |
| Pennsylvania State Income | -80.43 | 2673.02 |
| Pennsylvania State UI | -1.84 | 60.96 |
| Phila R Local Income | -97.99 | 3260.85 |
| Lower Southampton T Local | 0.00 | 0.00 |
| **Net Pay** | | **$2,081.72** |

| Deposits account number | transit/ABA | amount |
|---|---|---|
| XXXXXX2910 | XXXXXXXXX | 2081.72 |

Important Notes

Basis of pay: Hourly

23.    As to Patient 1, Plaintiff was paid $15.00 per hour for a 48-hour workweek. And the hours <u>were specified</u> or itemized in the paystub. As to Patient 2, Defendants intentionally

omitted the "hours / units" to conceal non-payment of overtime but still paid Plaintiff $15.00 per hour (discernable by dividing total pay by hours worked).

24.     From March of 2024 through the present (a period of nearly 2.5 years), Plaintiff was not paid at a rate of time and one half of her $15.00 per-hour wage. She was instead only paid what is commonly known as "straight time" (her continued hourly rate for all hours worked, even after a 40-hour workweek).

25.     What is extremely concerning though is that Defendants intentionally concealed such overtime work on paystubs where overtime could be visible (through continual payroll documentation manipulation).

26.     By 2026, Plaintiff had been seeking redress from Defendants as she had come to learn that: (a) she was exploited for years; (b) not paid in accordance with state and federal laws; and (c) she was owed very substantial amounts of unpaid overtime compensation. Plaintiff was directly complaining that she was not paid overtime unlawfully by Defendants (and to Defendants).

27.     Defendants' responses to Plaintiff's overtime complaints were frankly outrageous. They admitted not paying her overtime properly but complained they didn't have sufficient money to compensate her while she was employed or to pay her back owed monies. And even more concerningly, Defendants began to further falsify and manipulate Plaintiff's payroll documentation in 2026. For example, for the bi-weekly payroll date ending June 18, 2026, Plaintiff noticed that her paystub showed as follows:

| Company Code | Loc/Dept | Number | Page | | Earnings Statement | | ADP |
|---|---|---|---|---|---|---|---|
| R674SP 23889761 | 01/0001 | 5860979 | 1 of 1 | | | | |

Caring Partners of Philadelphia Hom
1200 Bustleton Pike
Suite 16A-1
Feasterville, PA 19053

Period Starting:    05/31/2026
Period Ending:    06/13/2026
Pay Date:    06/18/2026

Taxable Filing Status: Married
Exemptions/Allowances:
Federal:    Std W/H Table
State:    0
Local:    0
Social Security Number:XXX-XX-XXXX

Tax Override:
Federal:    0.00 Addnl
State:
Local:

Inga Kunishige
2150 Strahle Street
Apt A
Philadelphia, PA 19152

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Hourly | 12.0000 | 80.00 | 960.00 | 26706.25 |
| Overtime | 18.0000 | 87.75 | 1579.50 | 14319.00 |
| Holiday 1.5 | | | 0.00 | 144.00 |
| Holiday | | | 0.00 | 246.00 |
| Gross Pay | | | $2,539.50 | $41,415.25 |

| Other Benefits and Information | this period | year to date |
|---|---|---|
| Total Hours Worked | 167.75 | 1641.25 |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | -137.05 | 2268.31 |
| Social Security | -157.45 | 2567.75 |
| Medicare | -36.82 | 600.52 |
| Pennsylvania State Income | -77.96 | 1271.45 |
| Pennsylvania State UI | -1.78 | 28.99 |
| Phila R Local Income | -94.98 | 1548.95 |
| Lower Southampton T Local | 0.00 | 0.00 |
| Lower Southampton Tp Local | -2.00 | 26.00 |

| Voluntary Deductions | this period | year to date |
|---|---|---|
| State tax levy 1 | 0.00 | 1126.53 |

| Net Pay | $2,031.46 |
|---|---|

| Deposits account number | transit/ABA | amount |
|---|---|---|
| XXXXXX2910 | XXXXXXXXX | 2031.46 |

Important Notes

Basis of pay: Hourly

28.    Instead of choosing to pay Plaintiff legally, Defendants instead falsified in documents that Plaintiff *was supposedly* receiving overtime pay. Plaintiff's hourly rate was falsely listed as $12.00 per hour and her overtime rate was falsely listed as $18.00 per hour so that Defendant could: (a) continue to pay Plaintiff $15.00 per hour; and (b) create a knowingly false defense if ever investigated by the a state or federal agency. Stated differently, Defendants merely altered the math on Plaintiff's paystub to continue paying Plaintiff' straight time at $15.00 per hour while making the pay stub appear to a third party as if overtime was paid.[3]

29.    Plaintiff worked an average of 108 hours per week typically, which was comprised of 68 hours of (approximate) overtime. She was not paid an approximate sum of

---

[3] Plaintiff was not informed of such changes in her payroll documentation and only happened to notice such adjustments through 2026 after investigating and seeking redress for unpaid overtime in prior years.

$510.00 per week in overtime pay, equaling roughly $27,000.00 per annum. During the statutory 3-year-look-back period, Plaintiff is owed roughly $67,000.00 in unpaid overtime compensation.

30.    Any overtime unpaid to Plaintiff **must be doubled** automatically through mandatory liquidated damages.[4] Inclusive of mandatory liquidated damages, Plaintiff should be awarded approximately **$135,000.00** in compensation.[5] Such damages are in addition to mandatory legal fees and other applicable damages under state and federal law(s). *See* 29 U.S.C. § 216(b)(a prevailing plaintiff "shall" be entitled to attorney's fees).[6]

**Count I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime Compensation)**
**- Against All Defendants -**

31.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

---

[4] *See e.g. Solis v. Min Fang Yang*, 345 Fed. Appx. 35 (6th Cir. 2009)(Affirming award of liquidated damages explaining "under the Act, liquidated damages are compensation, not a penalty or punishment, and no special showing is necessary for the awarding of such damages. Rather, they are considered the norm and have even been referred to by this court as mandatory."); *Gayle v. Harry's Nurses Registry, Inc*., 594 Fed. Appx. 714, 718 (2d Cir. 2014)(Affirming award of liquidated damages explaining there is an automatic "presumption" of liquidated damages and "double damages are the **norm,** single damages the exception," as the burden to avoid liquidated damages is a "difficult burden."); *Haro v. City of Los Angeles*, 745 F.3d 1249 (9th Cir. 2014)(Affirming award of liquidated damages explaining they are the "norm" and "mandatory" unless the employer can establish the very "difficult burden" of subjective and objective attempts at FLSA compliance); *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008)(Affirming award of liquidated damages explaining that the employer mistakenly argues its non-compliance was not willful, misunderstanding the high burden to show affirmative steps of attempted compliance and research of the FLSA and separately that its diligence and belief in non-payment of overtime was also objectively reasonable.); *Chao v. Hotel Oasis, Inc.,* 493 F.3d 26 (1st Cir. 2007)(Affirming award of liquidated damages explaining that they will always be considered the "norm" in FLSA cases); *Lockwood v. Prince George's County,* 2000 U.S. App. LEXIS 15302 (4th Cir. 2000)(Affirming award of liquidated damages explaining they are the "norm" and that an employer may not take an ostrich-like approach and refuse to research its obligations under the FLSA and to objectively explain why it failed to comply with the FLSA); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399 (7th Cir. 1999)(Reversing the district court for not awarding liquidated damages, as doubling unpaid overtime is the rule, not an exception); *Nero v. Industrial Molding Corp*., 167 F.3d 921 (5th Cir. 1999)(Affirming award of liquidated damages, as there is a presumption of entitlement to liquidated damages which are the norm).

[5] This sum is not intended to serve as an exact figure, as Plaintiff will seek to obtain all financial and time records from Defendant for a more precise calculation. But this sum is reflective of a reasonable approximation of monies owed to Plaintiff.

[6] Both the PMWA and FLSA permit a 3-year lookback. Since the same legal standard for determining overtime violations exists both as to the FLSA and PMWA, Plaintiff only references the FLSA within the factual section.

32.    Plaintiff was not properly paid for all owed overtime as explained *supra*.  And such actions constitute violations of the Fair Labor Standards Act ("FLSA").

**Count II**
**Violations of the Pennsylvania Minimum Wage Act ("PMWA")**
**(Failure to Pay Overtime Compensation)**
**- Against All Defendants -**

33.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34.    Plaintiff was not properly paid for all owed overtime as explained *supra*. And such actions constitute violations of the PMWA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendants are to promulgate and adhere to a policy prohibiting overtime and wage violations;

B.    Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' wrongful actions, including but not limited to all owed wages, overtime, past and future lost earnings, and other legally-applicable compensation;

C.    Plaintiff is to be awarded actual damages to which she is equitably or legally entitled beyond those already specified herein;

D.    Plaintiff is to be awarded liquidated damages as permitted by applicable laws;

E.    Plaintiff is to be accorded other equitable relief as the Court deems just, proper, and appropriate;

F.    Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law; and

G.    Plaintiff is permitted to have a trial by jury.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: August 4, 2026

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Inga Kunishige | : | CIVIL ACTION |
| v. | : | |
| Nino Kavtaradze, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                       ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                       (x )

| 8/4/2026 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _Defendants place of business_

---

*RELATED CASE IF ANY:* Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.    Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☒ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| KUNISHIGE, INGA | KAVTARADZE, NINO, ET AL. |

**(b)**  County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                           *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent – Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange |
| | | | **LABOR** | **SOCIAL SECURITY** | |
| | | | ☒ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - mployment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V.  ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA (29USC201)

Brief description of cause:
Violations of the FLSA and the PMWA.

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  8/4/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____